UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

Melissa D. Crawford
and other similarly situated individuals,

    Plaintiff(s),

v.

Southern Milling & Lumber, Inc.

    Defendant,

_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff, Melissa D. Crawford, and other similarly situated individuals, by and through the undersigned counsel, hereby sues Defendant Southern Milling & Lumber, Inc., and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid overtime wages under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Melissa D. Crawford is a resident of Polk County, Florida, within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Southern Milling & Lumber, Inc. (from now on, Southern Milling & Lumber, or Defendant) is a Florida Corporation, having a place of business in Polk County, Florida, where Plaintiff worked for Defendant. At all times material, Defendant was engaged in interstate commerce.

4. Defendant Southern Milling & Lumber is the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Polk County, Florida, within this Court's jurisdiction.

## General Allegations

6. This cause of action is brought by Plaintiff Melissa D. Crawford as a collective action to recover from Defendant overtime compensation, retaliatory damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than

forty (40) hours during one or more weeks on or after May 2019, (the "material time") without being adequately compensated.

7. Defendant Southern Milling & Lumber is a milling and lumber company that manufactures pallets, crates, and construction lumber. Defendant has facilities located at 1508 George Jenkins Blvd., Lakeland, FL 33815, where Plaintiff and other similarly situated individuals worked.

8. Defendant Southern Milling & Lumber employed Plaintiff Melissa D. Crawford from approximately May 30, 2018, to May 13, 2022, or three years plus eleven months. However, for FLSA purposes, Plaintiff's relevant time of employment is 154 weeks.

9. Plaintiff was hired as a non-exempted, full-time, hourly production/warehousing employee. Plaintiff had multiple duties shipping, receiving, and dispatching. Plaintiff was paid a wage rate of $18.00 an hour plus overtime hours. Occasionally, Plaintiff also received production bonuses that should be prorated and included in her regular rate.

10. During her employment with Defendant, Plaintiff worked 7 days per week. Plaintiff worked from Monday to Friday, from 6:30 AM to 6:30 PM (12 hours daily, or 60 weekly). On Saturdays and Sundays, Plaintiff worked from 10:00 AM to 2:00 PM (4 hours each day). Plaintiff worked onsite an average of 68 hours weekly. Plaintiff was not able to take bonafide lunch periods.

11. Plaintiff does not have complaints about the hours worked at the mill. She was paid her overtime hours correctly.

12. However, every week, Plaintiff was required to work a substantial number of off-the-clock hours that were not paid to her at any rate, not even at the minimum wage rate.

13. Plaintiff was ordered to work from off-the-clock home hours as follows: From Monday to Saturday from 3:00 AM to 6:00 AM (3 hours x 6 days=18 hours); and from Monday to Saturday from 7:00 PM to 10:30 PM (3.5 hours x 6 days=21 hours). Lastly, on Sundays, Plaintiff worked at home for 3 hours in the afternoon. Thus, Plaintiff worked a total of 42 off-the-clock hours.

14. These 42 off-the-clock hours constitute 42 unpaid overtime hours.

15. CEO Chris Fullbright forced Plaintiff to work off-the-clock hours under threads of termination.

16. Plaintiff clocked in and out, and Defendant could track the number of hours worked by Plaintiff and other similarly situated individuals. Plaintiff worked under the close supervision of managerial staff. Defendant was in complete control of Plaintiff's schedule and activities.

17. Therefore, Defendant willfully failed to pay Plaintiff for all her overtime hours at the rate of time and one-half her regular rate for every hour that she worked

in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

18. Plaintiff was paid bi-weekly with checks and paystubs that did not show the actual number of days and hours worked. Plaintiff disagreed with the number of overtime hours paid to her.

19. On or about May 13, 2022, CEO Chris Fullbright fired Plaintiff due to discriminatory reasons. Plaintiff is in the process of filing her charge of discrimination with the US Equal Employment Opportunity Commission (EEOC).

20. Plaintiff does not have time and payment records, but she will provide a good faith estimate about her unpaid off-the-clock overtime hours.

21. Plaintiff Melissa D. Crawford seeks to recover unpaid overtime wages for every hour off-the-clock overtime hour worked during her entire employment, liquidated damages, and any other relief as allowable by law.

## Collective Action Allegations

22. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

23. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated

individuals the proper compensation for overtime hours at the rate of time and one-half their regular rate.

24. This action is intended to include every warehouse employee, dispatcher, and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME

25. Plaintiff Melissa D. Crawford re-adopts every factual allegation stated in paragraphs 1-24 above, as if set out in full herein.

26. At all times material to this action, Defendant was and continues to be an enterprise engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a mill and lumber manufacturer of pallets, crates, and construction lumber. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using interstate commerce's instrumentalities to accept and solicit funds from non-Florida sources and by using electronic devices to authorize credit card transactions. At all times material to this action, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

27. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities, regularly, handled or otherwise worked on goods and/or materials that had been produced for commerce and moved in interstate commerce at any time in business. Therefore, there is FLSA individual coverage.

28. Defendant Southern Milling & Lumber employed Plaintiff Melissa D. Crawford from approximately May 30, 2018, to May 13, 2022, or three years plus eleven months. However, for FLSA purposes, Plaintiff's relevant time of employment is 154 weeks.

29. Plaintiff was hired as a non-exempted, full-time, hourly production/warehousing employee. Plaintiff had multiple duties shipping, receiving, and dispatching. Plaintiff was paid a wage rate of $18.00 an hour plus overtime hours. Occasionally, Plaintiff also received production bonuses that should be prorated and included in her regular rate.

30. During her employment with Defendant, Plaintiff worked 7 days per week on the mill a total of 68 hours weekly. Plaintiff was not able to take bonafide lunch periods.

31. Plaintiff does not have complaints about the hours worked at the mill. She was paid her overtime hours correctly.

32. However, every week, Plaintiff was required to work a substantial number of off-the-clock hours that were not paid to her at any rate, not even at the minimum wage rate.

33. Plaintiff was ordered to work from home off-the-clock hours as follows: From Monday to Saturday from 3:00 AM to 6:00 AM (3 hours x 6 days=18 hours); and from Monday to Saturday from 7:00 PM to 10:30 PM (3.5 hours x 6 days=21 hours). Lastly, on Sundays Plaintiff worked at home for 3 hours in the afternoon. Thus, Plaintiff worked a total of 42 off-the-clock hours.

34. These 42 off-the-clock hours constitute 42 unpaid overtime hours.

35. CEO Chris Fullbright forced Plaintiff to work off-the-clock hours under threads of termination.

36. Plaintiff clocked in and out, and Defendant could track the number of hours worked by Plaintiff and other similarly situated individuals. Plaintiff worked under the close supervision of managerial staff. Defendant was in complete control of Plaintiff's schedule and activities.

37. Therefore, Defendant willfully failed to pay Plaintiff for all her overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

38. Plaintiff was paid bi-weekly with checks and paystubs that did not show the number of days and hours worked. Plaintiff disagreed with the number of overtime hours paid to her.

39. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendant. However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Therefore, Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

40. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

41. Plaintiff is not in possession of time and payment records, but she will provide a good faith estimate about her unpaid overtime hours.

    *Please note that this amount is based on a preliminary calculation. Production bonuses are not included in the regular rate. Therefore, these figures could be subject to modification as discovery could dictate.


a. <u>Total amount of alleged unpaid O/T wages</u>:

   One Hundred Seventy-Four Thousand Six Hundred Thirty-Six Dollars and 00/100 ($174,636.00)

b. <u>Calculation of such wages</u>:

   Total period of employment: 206 weeks
   Relevant weeks of employment: 154 weeks
   Total number of unpaid O/T hours: 42 off-the-clock hours
   Regular rate: $18.00 an hour x 1.5 =$27.00
   Overtime rate: $27.00 O/T hours

   O/T $27.00 x 42 off-the-clock hours=$1,134.00 weekly x154 weeks= $174,636.00

<u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid overtime wages.

42. At all times, the Employer/Defendant failed to comply with Title 29 USC §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

43. Defendant Southern Milling & Lumber knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

44. Defendant Southern Milling & Lumber willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant.

45. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees.

## Prayer for Relief

Wherefore, Plaintiff Melissa D. Crawford and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Melissa D. Crawford and other similarly situated individuals and against the Defendant Southern Milling & Lumber based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Melissa D. Crawford actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just

and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Melissa D. Crawford demands trial by a jury of all issues triable as of right by a jury.

Dated: July 12, 2022

                        Respectfully submitted,

                        By: **/s/ Zandro E. Palma**
                        ZANDRO E. PALMA, P.A.
                        Florida Bar No.: 0024031
                        9100 S. Dadeland Blvd.
                        Suite 1500
                        Miami, FL 33156
                        Telephone:    (305) 446-1500
                        Facsimile:     (305) 446-1502
                        zep@thepalmalawgroup.com
                        *Attorney for Plaintiff*